# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>                  Plaintiff,<br>vs.<br>MARTHA P. CARTER,<br><br>                  Defendant. | CASE NO. 09cv2695 WQH (WVG)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Leave to Proceed In Forma Pauperis (Doc. # 2) and the Motion to Appoint Counsel (Doc. # 3).

## BACKGROUND

On December 2, 2009, Plaintiff Grace L. Sandoval, a nonprisoner proceeding pro se, initiated this action by filing the Complaint. (Doc. # 1). On December 2, 2009, Plaintiff also filed the Motion for Leave to Proceed In Forma Pauperis ("Motion to Proceed IFP") (Doc. # 2) and the Motion to Appoint Counsel (Doc. # 3). Plaintiff also filed a RICO Notice alleging unlawful conduct in violation of 18 U.S.C. § 1962. (Doc. # 4).

## ANALYSIS

**I.  Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 2009).

In her affidavit accompanying the Motion to Proceed IFP, Plaintiff states that she is not employed. (Doc. # 2 at 2). Plaintiff states she was last employed in August of 2009 earning

$86 per shift at Safe Haven Home Care in El Centro, California. *Id.* Plaintiff states she has no income except for unemployment insurance payments of $40 per week. *Id.* Plaintiff states she has a checking account with a balance of $900.00 and no savings. *Id.* Plaintiff states she owns a 2002 Honda Civic and does not have any other significant assets such as real estate, stocks, bonds, or securities. *Id.* Plaintiff states she owes money to the "U.S. Department of Education" and to "Cash Collection." *Id.* The Court has reviewed Plaintiff's affidavit of assets and finds that it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915.

## II.     Initial Screening Pursuant to 28 U.S.C. § 1915(a)

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B).

The standard used to evaluate whether a complaint should be dismissed is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint "is frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327-28).

The following is an example of the Complaint's allegations:

> I, Grace L. Sandoval, also known as Grace S. Salali, Lupe Graciela Sandoval, do not agree for anyone employed in law enforcement with false documents to force in my place of residence, to follow me, Grace L. Sandoval, in public, to follow me, Grace L. Sandoval, in my place of employment, to attack, to demand

> illegals, criminals, orphans, children born premature with the drug Proviera illegally etc., to force the drug Diprivan Causing the drug Riprivan to threaten to pull my mouth brutally to cause to fall. Marylyn P. Garcia is also very violent and dangerous. Manuel Garcia is a massacre. Manuel Garcia has no employment. Manuel Garcia planned his disability of one foot to qualify for disability.

(Doc. # 1 at 4). The Complaint contains twenty-four pages of rambling, often fantastic allegations similar to the example quoted above. The complaint does not allege any legal basis under which Plaintiff is entitled to relief. The allegations in the complaint are insufficient to put Defendants on notice of the claims against them, as required by Rule 8 of the Federal Rules of Civil Procedure.[1] The Court finds that Plaintiff fails to state a claim on which relief can be granted. The Court dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

### III.   Appointment of Counsel

In light of the Court's sua sponte dismissal of this action, Plaintiff's request for appointment of counsel is denied as moot.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Forma Pauperis (Doc. # 2) is GRANTED. The Complaint is **DISMISSED** without prejudice, and this case shall be closed. The Motion to Appoint Counsel (Doc. # 3) is **DENIED** as moot.

DATED: December 9, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[1] Federal Rule of Civil Procedure 8 provides: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...." Fed. R. Civ. P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).